UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIC-MAN CONSTRUCTION, INC.,
a Michigan Corporation, MANCINI
ENTERPRISES, LLC, a Michigan Limited
Liability Company, CRSM 7800
LLC, a Michigan Limited Liability
Company, and STEVEN MANCINI,
a Michigan resident,

     Plaintiffs/Counter-Defendants,

Case No. 25-cv-11774

Hon. Mark A. Goldsmith

v.

Magistrate Judge Kimberly G. Altman

RICHARD MANCINI
CONSTRUCTION, INC., a Florida
Corporation, and RICHARD MANCINI,
a Florida Resident,

     Defendants/Counter-Plaintiffs.

v.

LISA MANCINI, a Michigan resident

     Counter-Defendant.

_____/

**DEFENDANTS'/COUNTER-PLAINTIFFS'
ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM**

**ANSWER**

Defendants/Counter-Plaintiffs Richard Mancini Construction. Inc. ("RMC") and Richard Mancini (collectively, with RMC, "Defendants"), by their attorneys, Lippitt O'Keefe PLLC, as their Answer to Plaintiffs/Counter-Defendants Ric-Man Construction, Inc.'s ("RCI") and Steven Mancini's (collectively, "Plaintiffs") First Amended Complaint state the following:

1.      Defendants lack the knowledge and information sufficient to form a belief as to the truth of the allegation.

2.      Defendants lack the knowledge and information sufficient to form a belief as to the truth of the allegation.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted

## JURISDICTION AND VENUE

7.      Admitted for purposes of jurisdiction only; Defendants deny that they are in any way liable to Plaintiffs.

8.      Admitted for purposes of jurisdiction only; Defendants deny that they are in any way liable to Plaintiffs.

9.      Admitted for purposes of jurisdiction only; Defendants deny that they

Wv

are in any way liable to Plaintiffs.

10.    Admitted for purposes of jurisdiction only; Defendants deny that they are in any way liable to Plaintiffs.

11.    Admitted for purposes of jurisdiction only; Defendants deny that they are in any way liable to Plaintiffs.

12.    Admitted for purposes of jurisdiction only; Defendants deny that they are in any way liable to Plaintiffs.

13.    Admitted for purposes of jurisdiction and venue only; Defendants deny that they are in any way liable to Plaintiffs.

FACTUAL ALLEGATIONS

14.    Defendants lack the knowledge and information sufficient to form a belief as to the truth of the allegation.

15.    Defendants lack the knowledge and information sufficient to form a belief as to the truth of the allegation.

16.    Admitted

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

3

Wv

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

## COUNT I
### Breach of Loan Agreement

42.    Defendants incorporate by reference all prior answers as if set forth in full herein.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

## COUNT II
### Breach of Partial Settlement Agreement

47.    Defendants incorporate by reference all prior answers as if set forth in full herein.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

## COUNT III
### Fraud

56. Defendants incorporate by reference all prior answers as if set forth in full herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT IV
### Statutory and Common Law Conversion

66. Defendants incorporate by reference all prior answers as if set forth in full herein.

67. Denied.

68. Denied.

69. Denied

70. Denied

6

## COUNT V
## Quantum Meruit/Unjust Enrichment

71.   Defendants incorporate by reference all prior answers as if set forth in full herein.

72.   Denied.

73.   Denied.

74.   Denied.

75.   Denied.

76.   Denied.

77.   Denied.

78.   Denied.

79.   Denied.

80.   Denied.

81.   Denied.

82.   Denied.

83.   Denied.

84.   Denied.

## COUNT VI
## Michigan Uniform Voidable Transactions Act, MCL 566.31 et seq.

85.   Defendants incorporate by reference all prior answers as if set forth in full herein.

Wv

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

WHEREFORE, Defendants/Counter-Plaintiffs respectfully request that the Court issue an order dismissing Plaintiffs'/Counter-Defendants' First Amended Complaint, granting Defendants/Counter-Plaintiffs their attorney's fees incurred in defending against this lawsuit, and granting Defendants/Counter-Plaintiffs all additional relief that is just and proper.

Date: June 9, 2026

Respectfully submitted,
LIPPITT O'KEEFE PLLC
*Attorneys for Counter-Plaintiffs*

/s/ Alexander E. Blum
Alexander E. Blum (P74070)
370 E Maple Rd, 3rd Fl.
Birmingham, MI 48009
248-646-8292

## AFFIRMATIVE DEFENSES

Defendants/Counter-Plaintiffs Richard Mancini Construction. Inc. ("RMC") and Richard Mancini (collectively, with RMC, "Defendants"), by their attorneys, Lippitt O'Keefe PLLC, as their Affirmative Defenses to Plaintiffs/Counter-Defendants Ric-Man Construction, Inc.'s ("RCI") and Steven Mancini's (collectively, "Plaintiffs") First Amended Complaint state the following:

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs fail to state a claim upon which relief can be granted.

3. Plaintiffs' claims are barred, in whole or in part, because any damages incurred were caused by their own actions or inactions.

4. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages are the result of their own negligent conduct.

5. Plaintiffs claims are barred, in whole or in part, because Plaintiffs conduct hindered and prevented Plaintiffs from operating as a successful business and not an entity that was created for an ulterior purpose, namely to hide losses and to defraud the Michigan construction workers' pension fund.

6. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs committed the first material breach of the parties' agreement.

Wv

7.      Plaintiffs' claims are barred, in whole or in part, to the extent the acts complained of resulted from the conduct of others over which Counter-Plaintiffs had no control.

8.      Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

9.      Plaintiffs' claims are barred, in whole or in part, by the equitable theories of estoppel, waiver, and/or laches.

10.      Plaintiffs' claims are barred, in whole or in part, based on the doctrine of unclean hands.

11.      Plaintiffs' claims are barred, in whole or in part, because Plaintiff anticipatorily repudiated the parties' agreement.

12.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

13.      Plaintiffs' claims are barred, in whole or in part, based on the statute of frauds.

14.      Plaintiffs' claims are barred, in whole or in part, by the express terms of the parties' agreement.

15.      Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to take reasonable steps to mitigate their alleged damages, if any.

Wv

16. Plaintiffs' claims are barred because they committed the first material breach of the parties' agreement.

17. Plaintiffs' claims are barred by the applicable statute of limitations.

18. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert one or more claims in the Complaint.

Counter-Plaintiffs reserve the right to amend and/or supplement these Affirmative Defenses new information is obtained through the course of discovery and up to and including the date of trial.

WHEREFORE, Defendants/Counter-Plaintiffs respectfully request that the Court issue an order dismissing Plaintiffs'/Counter-Defendants' First Amended Complaint, granting Defendants/Counter-Plaintiffs their attorney's fees incurred in defending against this lawsuit, and granting Defendants/Counter-Plaintiffs all additional relief that is just and proper.

Date: June 9, 2026

Respectfully submitted,
LIPPITT O'KEEFE PLLC
*Attorneys for Counter-Plaintiffs*

/s/ Alexander E. Blum
Alexander E. Blum (P74070)
370 E Maple Rd, 3rd Fl.
Birmingham, MI 48009
248-646-8292

Wv

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/Alexander E. Blum*
Alexander E. Blum

12